I concur in the result.
The loss Smith complains of arises from Utsey's deposit of checks made payable to "Specialty Motor Cars" in Utsey's account at AmSouth Bank rather than in Smith's account at SouthTrust Bank. As the main opinion points out, Smith did not have an exclusive right to the tradename "Specialty Motor Cars." The main opinion further points out that Smith could have appropriated the tradename to himself by invoking § 8-12-1, Ala. Code 1975, but nothing before us indicates that he has done so. Under these circumstances, as the main opinion further points out, Utsey had just as much right to the use of the tradename "Specialty Motor Cars" as did Smith.
We are not here dealing with an impostor adopting the name of another individual whose exclusive right to use the name, vis-a-vis the impostor, is unquestioned. We had such a case inPatrick v. Union State Bank, 681 So.2d 1364, 1371 (Ala. 1996), where this Court held that "a bank owes a duty of reasonable care to the person in whose name, and upon whose identification, an account is opened to ensure that the person opening the account and to whom checks are given is not an imposter." (Emphasis added.) Because Smith failed to establish his right to the name "Specialty Motor Cars" exclusive of Utsey's right to the same name, Smith cannot avail himself of the rule in Patrick.
Neither Smith nor his tradename, in which he had no exclusive rights, is "the person in whose name" the account was opened. Under these circumstances and under the rule established inPatrick, AmSouth owes no duty to Smith. Furthermore, I am unwilling to expand Patrick to embrace the circumstance, such as here, where the person claiming to be the victim of an impostor does not have the exclusive right to use the name. Whether this Court would overrule Patrick if that situation were presented is not before us.